UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SELINA MILLER,

                Plaintiff,

      -against-

HUFFINGTON POST, KOBE BRYANT, and
TAMARA BARKSDALE,

                Defendants.
------------------------------------------------------------------x

NOT FOR PUBLICATION

MEMORANDUM AND ORDER

15-CV-1300 (WFK)

WILLIAM F. KUNTZ, United States District Judge:

On March 11, 2015, plaintiff Selina Miller filed this *pro se* action alleging sexual harassment against Kobe Bryant and false reporting by the Huffington Post. Plaintiff's request to proceed *in forma pauperis* is granted for the limited purpose of this order, and the action is dismissed as frivolous.

The complaint alleges a series of allegations against defendant Kobe Bryant, presumably the professional basketball player, the Huffington Post, and Tamara Barksdale, who is identified as a fraudulent alter ego for Selina Miller. (Compl. ¶ 6.) The allegations include the following claims: "Kobe Bryant made a unwelcome sexual relationship to Selina Miller to Bust her — and lethal whip her for lack of responsive behaviors to his remarks." (Compl. ¶ 2.) "Kobe Bryant called Selina Miller a 'lying bitch.'" (Compl. ¶ 3.) "The defendant Kobe Bryant conspired with Huffington Post to have a never legally married couple announced as divorced." (Compl. ¶ 4.) "[D]efendant Vanessa Bryant sought to exploit monies from the plaintiff inheritance" [*sic*]. (Compl. ¶ 5.) "The defendant Kobe Bryant states [various named individuals] know[s] the plaintiff Selina Miller is a prostitute." (Compl. ¶¶ 7, 8.) The complaint does not assert any basis for this Court's jurisdiction nor make any demand for relief.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, "a complaint must contain sufficient factual matter . . . to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Title 28, section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiff and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. In order to invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or

2

treaties of the United States." 28 U.S.C. § 1331.

As should be readily apparent from a casual reading of the complaint, the claims in this case "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Even if the Court credited plaintiff's allegations, none of her claims suggests a basis for federal subject matter jurisdiction. Sexual relationships, defamation, and inheritance may be regulated by state law provisions, but may not normally serve as the basis for a federal lawsuit. The complaint does not provide sufficient information to determine any basis for diversity jurisdiction. The Court has considered whether a valid claim might be stated, and concludes that the deficiencies in the complaint are not such that could be cured by amendment. Accordingly, the complaint is dismissed as frivolous, for failure to state a claim, and for lack of subject matter jurisdiction.

Plaintiff's previous lawsuit in this Court alleged similar sexual harassment claims against singer Joe Lewis, but was dismissed without prejudice for failure to pay the filing fee. *Miller v. BB King Blues Club/Grill*, No. 13-CV-4478-WFK-JO, slip op. (E.D.N.Y. Sept. 6, 2013.) Plaintiff has made similar claims against Kobe Bryant in suits filed in other jurisdictions. *Miller v. Bryant*, No. 14-CV-952, 2015 WL 417858 (S.D.Miss. Jan. 30, 2015) (dismissed for lack of jurisdiction, as frivolous and for failure to state a claim on which relief may be granted); *Miller v. NBA, et al.*, No. 09-CV-580, slip op. (S.D. Ohio July 27, 2009) (dismissed as frivolous or for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Miller v. Atty Gen. of State of Ohio*, No. 03-CV-253, slip op. (S.D. Ohio Sept. 2, 2003) (granting motion to dismiss for failure to state a claim). Plaintiff has been declared a vexatious litigator and barred from filing suit without prior leave of court. *Miller v. Ohio Bd. of Regents, et al.*, No. 01-CV-550, slip op. (S.D. Ohio Aug. 21, 2003) (noting plaintiff's history of filing frivolous suits in federal court and Ohio county courts). Plaintiff is warned that the future filing of duplicative and frivolous litigation may result in the imposition of an injunction prohibiting her from making future filings in this Court seeking *in forma pauperis* status without leave of the Court. *See Lau v. Meddaugh*, 229

F.3d 121, 123 (2d Cir. 2000) ("The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." (internal quotations and citations omitted)); *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## CONCLUSION

For the reasons set forth above, the complaint is dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). Plaintiff is warned that the future filing of frequent frivolous lawsuits may result in the imposition of sanctions, including the issuance of a filing injunction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. .

SO ORDERED.

/S/ Judge William F. Kuntz, II
WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
April 15, 2015